No. A-CV-01-91
# Supreme Court of the Navajo Nation

**James Pioche Sr., Appellant,**
v.
**Bernice Y. Begay, Appellee.**
**Decided July 17, 1991**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

J. Kevin Hale, Esq., Farmington, New Mexico, for the Appellant; and John A. Chapela, Esq., Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by BLUEHOUSE, Associate Justice.

The issue in this case is whether the appeal is timely. Timely filing of an appeal is a requisite to the jurisdiction of this Court. The Navajo Rules of Civil Appellate Procedure mandates filing no later than 30 days after a final decree has been entered by the lower court. Appellant filed his notice of appeal 31 days after the entry of a child support order by the Window Rock Family Court. The appeal was filed one day late.

Based upon our review for perfection of an appeal, the Court on its own motion orders summary dismissal.

## FACTS

This is an appeal from a final order entered against appellant (Pioche) by the Window Rock Family Court, signed by the judge on December 6, 1990. The order supported an earlier decree concerning the amount of child support owed by the appellant and found that appellant had failed to comply with the court's order and was delinquent in child support payments. The family court awarded appellee (Begay) delinquent child support, plus reimbursement for attorney's fees, and ordered garnishment of appellant's wages.

The appellant filed his notice of appeal by mail on January 8, 1991, this being the date that it was received and stamped by the supreme court clerk. The filing deadline of January 7, 1991, was acknowledged by appellant in a cover letter he filed with his notice of appeal.

## DISCUSSION

Navajo statutory law and the Navajo Rules of Civil Appellate Procedure (NRCAP) mandate that the notice of appeal shall be filed no later than thirty (30) days after the entry of the judgment from which the appeal is taken. 7 N.T.C. § 801(a) (1985); NRCAP 8(a); *Navajo Tribe v. Yellowhorse*, 5 Nav. R. 133 (1987). The entry of judgment is the day that the district judge signs the final judgment or order. *Yellowhorse*, 5 Nav. R. at 134; *Riverview Service Station v. Eddie*, 5 Nav. R. 135 (1987). The appeal time begins to run the next day. *Yellowhorse*, 5 Nav. R. at 134; *Riverview*, 5 Nav. R. at 135. The appellant assumes the risk of delay when he decides to file his notice of appeal by mail. The papers must be received and stamped by the clerk within the time fixed for filing. Deposit in the mail is not the equivalent of filing a notice of appeal for purposes of the rule governing time within which a notice of appeal must be filed. NRCAP 4(a); *In re Adoption of Baby Boy Doe*, 5 Nav. R. 141, 144 (1987). If the deadline for filing falls on a Saturday, Sunday, or court holiday, then the notice of appeal can be filed by the end of the next business day that the court is open. NRCAP 5(a); *Riverview*, 5 Nav. R. at 136.

The appellant filed his notice of appeal on January 8, 1991. Timely filing in this case was by January 7, 1991 (January 5 was the thirtieth day, but this being a Saturday the deadline became the following Monday, January 7, 1991). Therefore, the appeal was filed one day late.

It is well settled in this jurisdiction that the failure to timely file an appeal is a jurisdictional defect that requires the Supreme Court to summarily dismiss the appeal. *Window Rock Mall v. Day*, 3 Nav. R. 58, 59 (1981); *Yellowhorse*, 5 Nav. R. at 134; *Baby Boy Doe*, 5 Nav. R. at 143; *Viva Rancho Motors v. Tully*, 5 Nav. R. 145, 146 (1987). Because it is jurisdictional, the Supreme Court may not extend the time for filing the notice of appeal. NRCAP 5(b); *Riverview*, 5 Nav. R. at 135.

The appellant had notice of the deadline. It was his responsibility to file his notice of appeal in a timely fashion. The appellant was one day late. The Court has no choice but to dismiss this appeal for lack of jurisdiction.

Appeal dismissed.